UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| U.S. Bank National Association, | ) | Civil Action No. 3:22-cv-4215-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Order** |
| Tracie L. Green, Cardinal Pines Homeowners' Association, and Palmetto Citizens Federal Credit Union, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.) ("Report"). [ECF No. 13.] In the Report, the Magistrate Judge recommends this matter be remanded for lack of subject matter jurisdiction and failure to follow the removal procedures in 28 U.S.C. § 1446. *Id.* at 8. For the reasons stated below, the court adopts the Report in its entirety.

**BACKGROUND**

Plaintiff, proceeding pro se and in forma pauperis, removed this case from the Lexington County Court of Common Pleas. [ECF No. 1.] The matter was referred to the Magistrate Judge for initial review as required by Local Civil Rule 73.02(B)(2)(b). The Magistrate Judge issued her Report recommending this court remand this matter because of "lack of subject matter jurisdiction and because Defendant has not complied with the procedure required for removal under 28 U.S.C. § 1446." [ECF No. 13 at 8.] Attached to the Report was a Notice of Right to File Objections. *Id.* at 9. Responses were due on December 16, 2022. *Id.* Four days after the filing deadline, Plaintiff

filed 124 pages titled Defendants Response and Motion, which this court construes as Defendant's Objection to the Report. [ECF No. 16.] Having thoroughly review Defendant's filing, this matter is ripe for review.

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only review de novo the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without any specific objections to portions of the Report, this court need not explain adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 2017 WL 6345402, at *5 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 U.S. Dist. LEXIS 15489, 2007 WL 821181, at *1

(D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond v. Colonial Life Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The court has thoroughly reviewed Defendant's Response, ECF No. 16. Despite the length of this filing, the court finds Defendant fails to raise a specific objection to the Report. Instead, Plaintiff submitted what appears to be her summary of proceedings before the state court dating back to August and September 2022. [ECF No. 16 at 1-4.] She also includes pages of email chains and iMessages between her and her former employers regarding her direct deposit account. [ECF No. 16-2 at 3-29.] She includes a letter she wrote to staff at the Lexington County Courthouse complaining of their policies and procedures. [ECF 16-5 at 1-3.] She also filed another copy of her answer, which was previously filed with the 95 pages of state court documents filed at the time this case was removed to federal court. [ECF No. 16-6 at 1-4.] These examples are representative of the kinds of material found throughout the filing.

Notably lacking from Defendant's Response, however, is an objection to the Magistrate Judge's Report. Defendant does not address the jurisdictional and procedural defects that are the basis of this remand. The court finds no clear error, adopts the Report, ECF No. 13, and incorporates it by reference herein. Accordingly, this case is **REMANDED** to the Lexington County Court of Common Pleas.

**IT IS SO ORDERED**.

January 23, 2023
Columbia, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge